UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
KURZON LLP,

           Plaintiff,

     -v-                               No.  12CV8352-LTS-RLE

THOMAS M. COOLEY LAW SCHOOL
et al.,

           Defendants.
--------------------------------------------------------x

MEMORANDUM ORDER

       In this action, Plaintiff Kurzon LLP ("Kurzon" or "Plaintiff"), a New York law

firm, seeks to recover compensatory and punitive damages against Defendants Thomas M.

Cooley Law School ("Cooley"), a Michigan law school, and Cooley's President, Don LeDuc

("LeDuc") (collectively, "Defendants") for defamation and prima facie tort, based upon

communications made by LeDuc to Cooley students regarding then-pending litigation in

Michigan between Cooley and Plaintiffs' predecessor in interest, Kurzon Strauss LLP ("Kurzon

Strauss"), and for violating a provision of New York's Civil Rights Law.  Defendants move to

dismiss Plaintiff's Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2),

13(a)(1) and 12(b)(6), asserting that the Court cannot exercise personal jurisdiction over the

Defendants; that Plaintiff's claims here are barred because they should have been asserted as

compulsory counterclaims in the earlier Michigan litigation; and that Kurzon has failed to state a

claim upon which relief can be granted.[1]  The Court has subject matter jurisdiction of this action

---

[1]      Defendants had previously moved to dismiss Plaintiff's complaint on the basis of
lack of personal jurisdiction and forum non conveniens, arguing that neither
Cooley nor LeDuc was subject to personal jurisdiction in New York because the

under 28 U.S.C.§ 1332.  For the following reasons, the Court grants Defendants' motion.

BACKGROUND[2]

Cooley is a law school with a principal place of business in Lansing, Michigan and without any campus locations, offices, employees or agents in New York State.  (See Am. Compl. ¶ 5; Conklin Aff. ¶ 2.)  LeDuc is the President and Dean of Cooley and also a resident of Michigan; he lives and works in Michigan, pays taxes in Michigan and votes in Michigan.  (See Am. Compl. ¶ 6; LeDuc Aff. ¶ 2.)

In or about June 2011, one of Kurzon Strauss's attorneys, David Anziska ("Anziska") began conducting an investigation into whether Cooley had manipulated post-graduate salary information to attract students.  (Am. Compl. at 1-2; Am. Compl. ¶ 13 .)  On June 8, 2011, as part of his investigation, Anziska posted a statement on "a relatively obscure blog called 'JD Underground,'" explaining Kurzon Strauss's investigation, calling Cooley one of the "worst offenders" of post-graduation data manipulation, and stating that "there are reports that" Cooley students "are defaulting on loans at an astounding 41 percent."  (Id. ¶ 14.)  Plaintiffs allege that Kurzon Strauss was not aware of this posting until it was contacted by Cooley and asked to retract Anziska's statement, which it did on June 15, 2011, after receiving

---

only claim that tied them to New York was Plaintiff's defamation claim – a cause of action that is specifically excluded by New York's long arm statute as a basis for personal jurisdiction.  Plaintiff filed an Amended Complaint, alleging that Cooley does business in New York and adding causes of action for violation of New York's anti-SLAPP ("Strategic Law Suit against Public Participation") law and prima facie tort.  (See Preliminary Pre-Trial Statement, docket entry no. 10.)

[2]     The following facts are drawn from Plaintiff's Amended Complaint and the parties' sworn affidavits on the issue of personal jurisdiction.

permission from Cooley's counsel to publish the retraction posting.  (Id. ¶¶ 14-17.)  Anziska had also posted an advertisement on Craigslist asking that anyone with relevant information for Kurzon Strauss's investigation contact him.  (Id. ¶ 18.)

Plaintiff contends that, in response to Anziska's investigation, Cooley sued Kurzon Strauss, Anziska and another one of the law firm's attorneys, Jesse Strauss ("Strauss") in July 2011 in Michigan state court, for defamation, tortious interference with business relations, portraying Cooley in a false light and breach of contract (the "Michigan Action").[3]  Also in or about July 2011, Cooley sued four anonymous bloggers for defamation (the "Bloggers Action"), including a former Cooley student whose blog was entitled "The Thomas Cooley Law Scam." See Thomas Cooley Law School v. John Doe et al., No. 11 Civ. 11781(CZ) (Cir. Ct. Ingham County 2011).  (See also Am. Compl. ¶ 23.)

On August 8, 2011, Kurzon Strauss sued Cooley on behalf of twelve Cooley alumni in Michigan federal court in a case captioned MacDonald et al. v. Thomas M. Cooley Law School, 11 Civ. 0831 (the "MacDonald action") asserting claims based on fraud, negligent misrepresentation and deceptive business practices in connection with Cooley's post-graduate employment data.  (Id. ¶ 26.)  On July 20, 2012, the court granted Cooley's motion to dismiss the MacDonald action, calling the employment reports issued by Cooley "inconsistent, confusing,

---

[3]    The case was later removed to the Western District of Michigan and, on September 30, 2013, that court granted summary judgment to Kurzon Strauss, Anziska and Strauss, and dismissed the case.  See Thomas M. Cooley Law School v. Kurzon Strauss, LLP, No. 11 Civ. 0844(RJJ), 2013 WL 5603256, at *7 (W.D. Mich. Sept. 30, 2013) (finding that "the record did not permit a jury to find" that Kurzon Strauss (and its individual attorneys as defendants) defamed Cooley and that the statement that "Cooley inflates its graduates' reported mean salaries may not merely be protected hyperbole, but actually substantially true" (internal quotation marks and citation omitted)).  Cooley has appealed that decision.

and inherently untrustworthy," and so "vague and incomplete as to be meaningless and . . . [that they] could not reasonably be relied upon," but, in dismissing the action, concluding that the claims against Cooley could not go forward because: "as put in the phrase we lawyers learn early in law school – <u>caveat</u> <u>emptor</u>."  <u>See</u> <u>MacDonald v. Thomas M. Cooley Law School</u>, 880 F. Supp. 2d 785, 799 (W.D. Mich. 2012), <u>aff'd</u>, 724 F.3d 654 (6th Cir. 2013).

Meanwhile, on July 14, 2011, after Cooley had filed the Michigan Action and the Blogger Action, LeDuc posted a private message on Cooley's password-protected intranet, which, Defendants claim, was accessible only to Cooley students and staff, in order to inform them about the two cases.  (Am. Compl.¶ 32, Ex. C.)  LeDuc wrote: "We believe these particular defendants have crossed the line both legally and ethically, calling us criminals who deceive our students and steal their tuition money, and ascribing to us fraudulent student loan activities and default rates . . ."  (<u>Id.</u>)  Kurzon Strauss was not identified by name but was referred to as "a small New York law firm."  (<u>Id.</u>)  Kurzon contends that LeDuc had authorization from Cooley to circulate this statement and that, in doing so, Defendants intended to achieve the widest distribution possible, in that it was distributed to members of various bars, including that of New York.  (<u>Id.</u> ¶¶ 33-35.)  Plaintiff further alleges that this statement contained false and defamatory statements about Kurzon Strauss; conflated Kurzon Strauss's actions with those of anonymous internet bloggers; and wrongfully attribute Anziska's postings – which were allegedly made in good faith and had since been retracted – to Kurzon Strauss.  (<u>Id.</u> ¶¶ 36-44.)

In this lawsuit, Plaintiff asserts claims against Cooley for defamation and defamation <u>per</u> <u>se</u> (<u>id.</u> ¶¶ 45-60); against both Defendants for violation of New York's Anti-SLAPP law (for prohibiting "strategic lawsuits against public petition or participation" or

"SLAPPs"), New York Civil Rights Law Section 70-A et seq. (id. ¶¶ 61-82);[4] and against both
Defendants for prima facie tort (id. ¶¶ 83-84).

DISCUSSION

"Before addressing Defendants' Rule 12(b)(6) [and Rule 13] motion[s] to
dismiss, the Court must first address the preliminary question[ ] of . . . personal jurisdiction."
Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted).
Under Federal Rule of Civil Procedure 12(b)(2), dismissal is appropriate if the court does not
have personal jurisdiction over the defendant.

Whether the Court has Personal Jurisdiction over LeDuc and Cooley

"The plaintiff bears the burden of establishing that the court has jurisdiction over
the defendant when served with a Rule 12(b)(2) motion to dismiss."   Whitaker v. Am.
Telecasting. Inc., 261 F.3d 196, 208 (2d Cir. 2001).[5]  "A plaintiff may carry this burden by
pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a prima
facie showing of jurisdiction."   Id. (internal quotation marks and citation omitted).  "In deciding
a motion to dismiss for lack of personal jurisdiction, the court has discretion to proceed either
upon written submissions or through a full evidentiary hearing on the merits," but, without a
hearing or jurisdictional discovery, "the pleadings and affidavits are construed, and any
ambiguity is resolved, in favor of the plaintiff."   Taylor Devices, Inc. v. Walbridge Aldinger Co.,

---

[4]     This case was originally filed in New York State Supreme Court (New York
County, Index #15423/2012) and was removed to this Court by Defendants on
November 15, 2012.

[5]     In a diversity case, the issue of personal jurisdiction must be determined
according to the law of the forum state.   D.H. Blair & Co., Inc. v. Gottdiener, 462
F.3d 95, 104 (2d Cir. 2006).

538 F. Supp. 2d 560, 575 (W.D.N.Y. 2008) (internal citations omitted); see also Mantello v. Hall, 947 F. Supp. 92, 95 (S.D.N.Y. 1996) ("[b]ecause a motion to dismiss based on lack of personal jurisdiction is inherently a matter requiring the resolution of factual issues outside the pleadings . . . all pertinent documentation submitted by the parties may be considered in deciding the motion") (internal quotation marks and citation omitted).  However, "where [a] defendant rebuts plaintiff['s] unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction – and plaintif[f] do[es] not counter that evidence – the allegation may be deemed refuted." Merck & Co., Inc. v. Mediplan Health Consulting, Inc., 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006).

Kurzon thus has the burden on this pre-discovery motion practice of making a prima facie showing that the Court has personal jurisdiction over Defendants.  In determining whether the assertion of personal jurisdiction is appropriate, "[f]irst, [the Court] must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

General Jurisdiction

If an individual or corporate defendant is not domiciled in New York, under New York Civil Practice Laws and Rules § 301, a court may exercise general jurisdiction over the foreign defendant if the defendant is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." McGowan v. Smith, 52 N.Y.2d 268, 272 (1981) (citation omitted).  "Where such a showing is made, a

defendant may be sued in New York on causes of action wholly unrelated to acts done in New York." Mazloum v. Int'l Comm. Corp., 829 F. Supp. 2d 223, 228 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). To warrant the exercise of general jurisdiction, New York law requires that the defendant be present in New York "not occasionally or casually, but with a fair measure of permanence and continuity." Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1991) (internal quotation marks and citation omitted). The term "doing business" refers to "the ordinary business which the corporation was organized to do . . . It is not the occasional contact or simple collateral activity which is included." Nelson v. Mass. Gen. Hosp., No. 04 Civ. 5382(CM), 2007 WL 2781241, at *14 (S.D.N.Y. Sep. 20, 2007) (citation omitted). New York courts have focused on several indicia to support a finding that a defendant was "doing business" in the state, including "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." Landoil Resources Corp., 918 F.2d at 1043. Generally, solicitation alone is not sufficient to show that a defendant is "doing business" in New York. Schultz v. Safra Nat'l Bank, 377 F. App'x 101, 102 (2d Cir. 2010). However, under the so-called "solicitation-plus" test, "if the solicitation of business is substantial and continuous, then personal jurisdiction may be found to exist as long as the defendant engages in other activities of substance in the state." Nelson, 2007 WL 2781241, at *14. "[C]ourts often look to the volume of the defendant's sales in New York as a fraction of its total sales to determine whether a finding of 'solicitation-plus' can be made." Sound Around Inc. v. Audiobahn, Inc., No. 07 Civ. 773(RJD)(CLP), 2008 WL 5093599, at *5 (E.D.N.Y. Nov. 24, 2008).

Here, Kurzon admits in the Amended Complaint that LeDuc "is a resident and citizen of the State of Michigan" and Cooley "is a Michigan Nonprofit Corporation with its principal place of business in Lansing, Michigan."  (<u>See</u> Am. Compl. ¶¶ 5-6.)  Defendants proffer LeDuc's sworn affidavit in which he states that he lives, works, votes and pays taxes in Michigan and does not have any New York licenses, properties or bank accounts.  (LeDuc Aff. ¶¶ 2, 3.)  Defendants also submit a sworn affidavit averring that Cooley does not hold any assets, investment or banking accounts in New York; does not own or lease any real property in New York; does not conduct any business ventures or operations in New York and does not have a mailing address, telephone number listing or agent for service of process in New York.  (<u>See</u> Conklin Aff. ¶ 2.)  Defendants further proffer that Cooley is not regulated by the New York State Board of Regents, because Cooley does not operate within New York and has never sought or obtained the Board's authorization to do so.  (<u>Id.</u> at ¶ 3.) Kurzon does not proffer contrary evidence.

Kurzon nonetheless argues conclusorily that Defendants are subject to general jurisdiction in New York, pointing principally to Cooley's compliance with various requirements set by New York for qualification of Cooley graduates to sit for the New York state bar examination, and Cooley's use of sponsored word advertising on internet search engines to ensure that a person searching for Columbia University Law School will be offered an advertising link to information about Cooley, and the excess of applicants to New York law schools over the places available for students at such schools.  In response to Kurzon's allegation that Defendants have solicited business in New York, Defendants confirm that Cooley has solicited some donations from New York alumni and applications for admission from New York students; has sent representatives to school fairs in New York; and assert that fewer than five

percent of Cooley's externship sites for students are located in New York.  (See Conklin Aff. ¶¶ 4-10.)

On this record and without evidence that direct sales in the New York market constitute a significant portion of Cooley's business activities or that Cooley was involved in any business activity beyond limited solicitation in New York, there is no basis for the exercise of general personal jurisdiction over Cooley under N.Y. C.P.L.R. § 301.  See Weil v. American University, No. 07 Civ. 7748(DAB), 2008 WL 126604, at *4 (S.D.N.Y. Jan. 2, 2008) (because university did not have principal place of business in New York or offices, employees or agents in New York, or a license or bank accounts in New York, even if it solicited donations from alumni, admissions applications in New York or held events for prospective students, that was not enough to confer jurisdiction).  Plaintiff does not even allege that LeDuc was involved in any of these specific New York-based solicitation activities or that LeDuc is engaged in any other continuous and systematic course of business in New York.  Kurzon thus fails to carry its burden of proffering a prima facie demonstration of a basis for exercising general jurisdiction over either Defendant under N.Y. C.P.L.R. § 301.

Long-Arm Jurisdiction

Personal jurisdiction over a non-domiciliary can also be exercised under the circumstances enumerated in New York's long-arm jurisdiction statute, N.Y. C.P.L.R. § 302. Kurzon argues that the Court has personal jurisdiction over the Defendants under § 302(a)(1). (See Pl. Mem. in Opp. at 18-19.)  Under this provision, "long-arm jurisdiction over a nondomiciliary exists where (i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business.  If either prong of the statute is not met,

jurisdiction cannot be conferred under CPLR 302(a)(1)."  Johnson v. Ward, 4 N.Y.3d 516, 519

(2005).  As noted above, Kurzon's claims in this action are a defamation claim based on the

LeDuc statement published by Cooley on its intranet and allegedly distributed to recipients

including New York-based Cooley alumni, and a SLAPP claim based on the initiation of the

lawsuit against Kurzon Strauss in Michigan.  "New York courts construe the transacting business

test more narrowly in defamation cases than in other contexts."  Penachio v. Benedict, 461 F.

App'x 4, 5 (2d Cir. 2012).  "[W]hen the defamatory publication itself constitutes the alleged

'transact[ion of] business' for the purposes of section 302(a)(1), more than the distribution of a

libelous statement must be made within the state to establish long-arm jurisdiction over the

person distributing it."  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 248 (2d Cir. 2007)

(posting defamatory material on a website accessible in New York does not, without more,

constitute transacting business in New York under New York's long-arm statute).  "Under the

arises from prong, New York courts have also concluded that they lacked jurisdiction over

out-of-state defendants accused of having uttered defamatory falsehoods where the [defamation]

claim did not arise from the defendants' specific business transactions in New York."  Id. at

249-50 (internal quotation marks and citations omitted).

        Like its general jurisdiction argument, Plaintiff's case for long-arm jurisdiction

over Defendants is premised principally on Cooley's internet advertising, which allegedly

includes a key word strategy designed to present advertisements for Cooley in conjunction with

searches for New York law schools.  Kurzon also alleges that Cooley's connections to the state

also include annual or semi-annual alumni receptions, law school student recruitment forums or

international "fairs" and some student externship placements in New York, and that all of these

activities show that Kurzon purposefully avails itself of the privilege of conducting business

activities within New York so as to be subject to long-arm jurisdiction.

        Defendants contend that Jeffrey Kurzon's Declaration regarding Cooley's

advertising strategy fails to state matters personally known to him on which he is competent to

testify; instead offering speculation on Cooley's internet marketing practices based on

"information and belief" and a third party's Internet article.  (Kurzon Decl. ¶¶ 3-4, 6.)  Even if

Jeffrey Kurzon's allegations are true, however, the types of activities on which Plaintiff relies

are insufficient to constitute transacting business within the meaning of C.P.L.R. § 302(a)(1), at

least in the defamation context.  <u>See</u>, <u>e.g.</u>, <u>SPCA of Upstate N.Y., Inc. v. Am. Working Collie</u>

<u>Ass'n</u>, 903 N.Y.S.2d 562, 564-65 (3d Dep't 2010) (person's defamatory comments on a website,

coupled with phone calls to New York and donation of money to a New York entity, were

insufficient for jurisdiction under C.P.L.R. § 302(a)(1)).

        Moreover, Kurzon's lawsuit is not based on the Defendants' alleged internet

advertising strategy, law school recruitment fair participation or externship placements.  Rather,

it arises from Defendants' allegedly defamatory intranet statement regarding Kurzon Strauss and

purported violation of New York's Anti-SLAPP laws by filing the Michigan action.  "A suit will

be deemed to have arisen out of a party's activities in New York if there is an articulable nexus,

or a substantial relationship, between the claim asserted and the actions that occurred in New

York."  <u>Henderson v. INS</u>, 157 F.3d 106, 123 (2d Cir. 1998) (internal quotation marks and

citations omitted).  "Typically, a cause of action 'arises from' a business transaction when 'a

defendant . . . breaches a contract with plaintiff or commits a commercial tort against plaintiff in

the course of transacting business or contracting to supply goods or services in New York.'"

<u>Thorsen v. Sons of Norway</u>, No 13 Civ. 2527(PKC), 2014 WL 507466, at *7 (E.D.N.Y. Feb. 6,

2014) (citation omitted).  Kurzon's assertion that Cooley engages in false advertising in New York, even if true, is not sufficiently related to the specific allegations in this case to support the exercise of personal jurisdiction over the Defendants with respect to the claims asserted in this lawsuit.  See Best Van Lines, 490 F.3d at 249-50 (courts "lac[k] jurisdiction over out-of-state defendants accused of having uttered defamatory falsehoods where the [defamation] claim did not arise from the defendants' specific business transactions in New York") (internal quotation marks and citation omitted)).

   Because Plaintiff has failed to sustain its burden of demonstrating a proper basis for the exercise of long-arm jurisdiction over these Defendants, the Court need not address the question of whether the exercise of such jurisdiction in this case would comport with constitutional due process standards.


<u>CONCLUSION</u>

   For the foregoing reasons, Defendants' motion to dismiss the amended complaint for lack of personal jurisdiction is granted.  This Memorandum Order resolves docket entry number 30.

   The Clerk of Court is requested to enter judgment accordingly and close this case.

   SO ORDERED.

Dated: New York, New York
   June 24, 2014

         _/s/ Laura Taylor Swain_____
         LAURA TAYLOR SWAIN
         United States District Judge